IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. KORTNEY BALL**

**Criminal Court for Davidson County**
**No. 2024-C-1944**

———————————————————

**No. M2026-00369-CCA-T10B-CO**

———————————————————

**ORDER**

This matter is before the Court upon petition of the Defendant, Kortney Ball, for an accelerated interlocutory appeal as of right pursuant to Supreme Court Rule 10B, Section 2. The Defendant seeks review of the trial judge's order denying his pretrial motion to recuse. The Defendant waived his right to counsel and is proceeding on his own in the trial court. Upon review, and for the reasons stated below, the petition is denied.

**Background**

The Defendant is currently pursuing an appeal from his conviction for misdemeanor domestic assault in case number 2021-B-825. *See* Docket No. M2025-01458-CCA-R3-CD. The briefing process is underway in that appeal. The Defendant is also currently facing another charge of domestic assault and a charge of interfering with a 911 call in case number 2024-C-1944. On December 12, 2025, the Defendant filed a motion to recuse the trial judge. That motion was based solely on the fact the trial judge also presided over case 2021-B-825. The Defendant claimed the judge "violated his rights by allowing the State to amend the indictment in 2021-B-825; by adding invalid lesser included charges in 2021-B-825; by sentencing him to a sentence of imprisonment on a misdemeanor followed by a period of supervised probation;" and by making prejudicial comments during sentencing.

On March 10, 2026, the judge denied the motion to recuse. As relevant to the petition before this Court, the judge ruled in its written order:

> After a review of the case history in 2021-B-825, the Court is of the opinion that the Defendant's recusal motion is meritless. The Defendant has confused adverse rulings and adverse outcomes with bias and retaliation. The recusal motion simply does not cite any proof to support the Defendant's assertions. *Furthermore, the Defendant's recusal motion did not comply with the mandatory requirements of Rule 10B . . . First, the motion was not*

*supported by a sworn affidavit. Second, the motion does not state with specificity the factual grounds supporting disqualification of the Court. Third, the Defendant's motion did not affirmatively state that the motion is not being presented for any improper purpose, such as to harass or to cause unnecessary delay.*

(Emphasis added).

## Tennessee Supreme Court Rule 10B

Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal. The motion shall be filed no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. A party who is represented by counsel is not permitted to file a pro se motion under this Rule.

Tenn. Sup. Ct. R. 10B, Sec. 1.01. If the trial judge denies the motion, the party may then file a petition for appellate review, as the Defendant has done here. The petition must be filed within twenty-one days of the trial court's order, and the appealing party is required to promptly file a copy of the petition with the trial court clerk and serve all other parties. Tenn. Sup. Ct. R. 10B, Sec. 2.02. Rule 10B, Section 2.03, further requires the petition to include a statement of the issues presented for review, a statement of the relevant facts, a supporting argument requesting specific relief, as well as copies of the motion and all supporting documents filed in the trial court, the trial court's order or opinion, and any other parts of the record necessary for determination of the appeal. If this Court determines, based on the petition and supporting documents, that an answer from any other party is unnecessary, the Court may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, Sec. 2.05. The Court will act summarily on the petition at hand.

## Discussion

Initially, this Court observes the Defendant did not serve his petition on the trial

court clerk or properly serve the State. Tenn. Sup. Ct. R. 10B, Sec. 2.02. The Defendant served a copy of the petition on the Davidson County District Attorney General's Office in Nashville. Pursuant to statute, the Office of the Attorney General in Nashville has the exclusive authority to attend to the business of the State in matters before this Court. Tenn. Code Ann. § 8-6-109(b)(2).

Aside from that noncompliance, the trial judge highlighted, as quoted above, the other ways in which the Defendant's motion failed to comply with the requirements of Rule 10B. Any motion filed in the trial court must strictly comply with the filing requirements of Rule 10B. *See StoneyBrooke Investors, LLC v. McCurry*, No. E2024-00253-COA-T10B-CV, 2024 WL 4948824 (Tenn. Ct. App. Feb. 28, 2024), *perm. app. denied* (Tenn. Mar. 22, 2024). Failure to do so authorizes a trial court to deny the motion. *Id.* Upon *de novo* review, this Court agrees with the trial court's assessment of the Defendant's motion to recuse. Thus, this Court finds the trial court did not err in denying the motion due to the Defendant's failure to strictly comply with the requirements of Rule 10B.

## Conclusion

For the reasons stated above, the Defendant's petition for review is hereby denied. The Clerk shall forward a copy of this order to the trial judge.

Easter, J., Wedemeyer, P.J., Ayers, J.